## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| SOLAX ENERGIA ALTIPLANO S.A. DE. C.V. AND SOLAX ENERGY LLC,<br><br>            Plaintiffs,<br>v.<br><br>ITHUBA CREDIT CORPORATION; ITHUBA SAVINGS AND CREDIT; ITHUBA INVESTMENT BANK AND  STATUTORY TRUST; ITHUBA BUSINESS ADVISORY SERVICES, INC.; ITHUBA HOLDINGS, INC.; ISCC GROUP OF COMPANIES, JEAN BILALA AND SEFUDI PAUL MALEKA,<br><br>            Defendants | Civil Action No.:_____ |

## COMPLAINT AND JURY DEMAND

Plaintiffs Solax Energia Altiplano S.A. DE. C.V. and Solax Energy LLC (collectively, "Solax"), by and through its attorneys, Wilson Elser Moskowitz Edelman & Dicker LLP, as and for its complaint against Ithuba Credit Corporation; Ithuba Savings and Credit; Ithuba Investment Bank and Statutory Trust; Ithuba Business Advisory Services, Inc.; Ithuba Holdings, Inc.; and ISSC Group (collectively, the "Ithuba Defendants"), Jean Bilala ("Defendant Bilala") and Sefudi Paul Maleka ("Defendant Sefudi") (collectively, the "Defendants"), hereby allege as follows:

## NATURE OF ACTION

1.     This is an action in law and equity for Breach of Contract, Money Had and Received, Unjust Enrichment, Fraud and Fraudulent Misrepresentation, Promissory Estoppel, and Conversion.

1

## PARTIES

2.      Plaintiff Solax Energia Altiplano S.A. DE. C.V. ("Solax S.A.") is a corporation organized under the laws of Mexico, having an address and principal place of business at Av. Monsenor Joaquin Antonio Penalosa 280. Col El Paseo, San Luis Potosí, SLP, Mexico.

3.      Plaintiff Solax Energy LLC ("Solax LLC") is a Texas Limited Liability Company with a principal place of business 1920 McKinney Avenue, Fl. 7, Dallas TX 75201. Solax Energy LLC is a U.S. representative office of Solax S.A.

4.      At all times hereunder, Solax LLC represented the interests of Solax S.A. in connection with the transactions set forth in detail below, expending monetary and personnel resources in an effort to secure performance from the Defendants in connection with the promised loan. Solax S.A. and Solax LLC are referred to collectively herein as "Solax" or "Plaintiffs."

5.      Upon information and belief, Defendant Ithuba Credit Corporation is a Corporation organized under the laws of the State of Ohio, with a principal place of business located at 4332 Dresden Street, Apt. 304, Columbus, Ohio 43224, and an additional place of business at One World Trade Center, Suite 8500, New York, NY 10007.

6.      Upon information and belief, Defendant Ithuba Savings and Credit is a South African Primary Co-Operative with a principal place of business at 8 Wolhuter Street, Welgemoed, Western Cape, 7530.

7.      Upon information and belief, Defendant Ithuba Investment Bank and Statutory Trust is an entity organized under the laws of the state of Connecticut with a principal place of business located at One World Trade Center, Suite 8500, New York, NY 10007 and an additional place of business at 14 Wall Street, 20th Floor, New York, NY.

2

8.      Upon information and belief, Defendant Ithuba Business Advisory Services, Inc. is a corporation organized under the laws of the state of Ohio with a principal place of business located at 4332 Dresden Street, Apt. 304, Columbus, Ohio 43224.

9.      Upon information and belief, Defendant Ithuba Holdings, Inc. is a corporation organized under the laws of the state of Ohio, with a principal place of business located at 4332 Dresden Street, Apt. 304, Columbus, Ohio 43224.

10.     Upon information and belief, ISCC Group is a South African Primary Co-Operative with a principal place of business at 8 Wolhuter Street, Welgemoed, Western Cape, 7530.

11.     Upon information and belief, Jean Bilala is a South African National and either Chairman or Chief Executive Officer of each of the Ithuba Defendants.

12.     Upon information and belief, Sefudi Paul Maleka, is a South African National, who personally facilitated the transactions set forth below. Defendant Sefudi is the principal of the Sefudi Group.

## JURISDICTION AND VENUE

13.     This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332; there is a complete diversity of citizenship in that the citizenship of each Plaintiff is diverse from the citizenship of each Defendant and the matter in controversy exceeds the sum or value of $75,000.

14.     This Court has personal jurisdiction over Defendants because Defendant Ithuba Investment Bank has a principal place of business in the State of New York, and the other Ithuba Defendants and Defendant Bilala are the *alter egos* of Defendant Ithuba Investment Bank as set forth further below.

15.     This Court also has personal jurisdiction over Defendants because Defendants transacted business in the State of New York, contracted to supply goods or services within the State of New York and those contracted-for services are the basis for the instant claims.

16.     This Court also has personal jurisdiction over the Ithuba Defendants and Defendant Bilala because the Ithuba Defendants use or possess real property within New York and the instant causes of action arise from the Ithuba Defendants' use and possession of that property.

17.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendant Ithuba Investment Bank and Statutory Trust has a principal place of business in this district and a substantial part of the events giving rise to the claims occurred in this district.

## BACKGROUND FACTS

18.     Solax S. A. is a leading solar energy company located in Mexico. In or about December 2013, Solax S.A. received a license from Mexico to proceed with building a 37 Mega Watt solar farm in Villa de Arista, San Luis Potosí, Mexico.

19.     The building of the San Luis Potosí solar farm was to be the first phase of a seven-phase project to build solar farms with a total of 900 Mega Watts of power across multiple areas.

20.     Solax S.A. needed to secure a $100,000,000 loan to begin its first phase of construction.

21.     In or around June 2018, Solax S.A. was introduced to a South African loan broker, Sefudi Group LTD ("Sefudi Group").

22.     In or around August 2018, executives from Solax and their representatives travelled to Johannesburg, South Africa, to meet the principal of Sefudi Group, Defendant Sefudi Paul Maleka. Solax and its representatives, on the one hand, and Sefudi Group and Defendant Sefudi, on the other

4

hand, intended to carry out due diligence regarding securing a $100,000,000 (USD) loan for Solax S.A.

23.     On or about August 13, 2018, executives and representatives of Solax, Sefudi Group and Defendant Sefudi held a meeting with one representative from the South African bank Ithuba Savings and Credit Corporation. The meeting took place in Johannesburg, South Africa.

24.     Near the end of the August 13, 2018 meeting, a loan agreement ("Loan Agreement") was executed between Solax S.A. and Sefudi Group. A true and correct copy of loan agreement is annexed hereto as **Exhibit 1**.

25.     The Loan Agreement stated that its purpose was to raise $100,000,000 USD and loan that money to Solax S.A. for the construction of Phase 1 and Phase 2 of the Solax S.A. solar park complex in San Luis Potosí, México.  Ithuba Savings and Credit Corp. was to raise the funds and make the loan.

26.     The Loan Agreement stated that the bank to fund the loan is ISC Bank.

27.     The Loan Agreement stated that Solax S.A. was to pay an upfront a monetization fee of $780,000 (USD) ("Monetization Fee") to the lender bank, ISC Bank, located in Germany.

28.     An attachment to the Loan Agreement stated that "due to Bank raising unacceptable issues, we hereby change Banking Coordinates to the head office of ISC," and then lists Ithuba Savings and Credit Corp. located in Indonesia.

29.     Upon information and belief, on or about August 13, 2018, Sefudi Group and one or more of the Ithuba Defendants, through their attorneys at Eurpolaw Group Incorporated, entered into a contract whereby the Ithuba Defendants would fund a loan to Solax S.A. for the amount of $100,000,000 (USD) to be paid in two tranches.

30.    Solax S.A. and Solax LLC are third-party beneficiaries to the contract between Sefudi Group and the Ithuba Defendants.

31.    On or about August 20, 2018, Solax S.A. submitted a wire transfer to Sefudi Group for the amount of $780,000 (USD).  A copy of the wire transfer confirmation is attached hereto as **Exhibit 2**.

32.    Upon information and belief, the $780,000 (USD) that Solax S.A. wired to Sefudi Group was transferred to Europlaw Group Incorporated and was then transferred to an account for Ithuba Credit Corporation.

33.    The Loan Agreement provided timelines by which the Ithuba Defendants were to make payments under the loan. The first tranche of $40,000,000 (USD) was to be received within 45 days of August 19, 2018, and the second tranche of $60,000,000 (USD) was to be received within 60 days of receipt of the first tranche.

34.    As of the filing of this Complaint, no payments under the loan have been made and the Monetization Fee was never returned to Solax S.A.

35.    On or around December 21, 2018, Solax received a letter from Defendant Sefudi and Sefudi Group stating that they were working "timorously and anxiously" to conclude the fund payments before December 25, 2018. Solax relied on the above-referenced representations in proceeding with its construction project in Mexico.

36.    The funding did not happen before December 25, 2018.

37.    On or around January 9, 2018, Sefudi Group received a progress letter signed by the Compliance and Administrative Officer of Ithuba Credit Corporation, Hannes van Niekerk, stating that while it was difficult to commit to exact dates, the funding is still alive and the funds would be available soon. Mr. van Niekerk further stated that the Ithuba Defendants did not want the contract

6

to be cancelled when they were so close to execution of the payments. Defendant Sefudi shared this letter with Solax, which relied on the above-referenced representations in proceeding with its construction project in Mexico.

38.     On or about April 5, 2019, Sefudi Group received another letter from the Ithuba Defendants promising that the funding would be released on or before April 15, 2019.  Defendant Sefudi shared this letter with Solax, which relied on the above-referenced representations in proceeding with its construction project in Mexico.

39.     The funds were not released on or before April 15, 2019.

40.     On or about April 23, 2019, Solax's representatives sent a letter to Sefudi Group and Defendant Sefudi, updating them on the business risks and damages that Solax was incurring due to the delay in funding and asking when Solax can expect the funds to be released. Solax's representatives further asked for a meeting with Jean Bilala, CEO and/or Chairman of each of the Ithuba Defendants.

41.     On or about April 24, 2019, Sefudi Group received a letter from the Ithuba Defendants, stating that the loan process was in the absolute final stage. Defendant Sefudi shared this letter with Solax, which relied on the above-referenced representations in proceeding with its construction project in Mexico.

42.     Upon information and belief, in or about May, 2019, one or more of the Ithuba Defendants allegedly acquired a banking license in the United States.

43.     After the Ithuba Defendants allegedly acquired their United States banking license, on or about May 2019, Defendants and their representatives represented to Solax that the funding process for the loan to Solax was moved to New York, United States, meaning that the loan tranches will be funded through the Ithuba Defendants' New York office.

44.     Upon information and belief, the only physical office(s) and/or branch(es) that the Ithuba Defendants maintain in the United States are located in New York, NY.

45.     On or about May 15, 2019, Sefudi Group received a letter from the Ithuba Defendants stating that the loan was an international transaction and therefore must be cleared by many authorities, including those in Hong Kong, Jakarta, and the United States. The letter stated that the funding was coming soon. Defendant Sefudi shared this letter with Solax, which relied on the above-referenced representations in proceeding with its construction project in Mexico.

46.     On or about May 24, 2019, Sefudi Group received a letter from the Ithuba Defendants stating that the funding was still on track. The letter stated that the new loan execution dates would be provided no later than May 13, 2019, and that the first tranche under the loan would be made on or before June 15, 2019, but no later than June 21, 2019. Defendant Sefudi shared this letter with Solax, which relied on the above-referenced representations in proceeding with its construction project in Mexico.

47.     No payment under the loan was made by June 21, 2019.

48.     On or about June 13, 2019, Sefudi Group received a letter from the Ithuba Defendants stating that the funding was still on track and that the first payment under the loan would be made on or before July 5, 2019. This letter also stated that the "successful entry of Ithuba Savings and Credit Corp. in the USA Banking System is a great achievement." Defendant Sefudi shared this letter with Solax, which relied on the above-referenced representations in proceeding with its construction project in Mexico.

49.     The loan payment was not made on or before July 5, 2019.

50.     On or about July 16, 2019, Sefudi Group received a letter from the Ithuba Defendants stating that the funding is still on track and that the first payment under the loan would likely be

8

made before the end of July 2019. The letter further stated that the "successful entry of Ithuba Savings and Credit Corp in the USA Banking System requires huge responsibility [sic]," in an attempt to explain away the continuous delays with the loan that by then spanned to almost a full year. Defendant Sefudi shared this letter with Solax, which relied on the above-referenced representations in proceeding with its construction project in Mexico.

51.    No payment under the loan was made before the end of July 2019.

52.    On or about August 12, 2019, Sefudi Group received a letter from the Ithuba Defendants stating that the funding was still on track and that the first payment under the loan would be made within ten days. The letter further stated that the "successful entry of Ithuba Savings and Credit Corp in the USA Banking System took us to the level of a highly regulated entity," again in an attempt to explain away the continued delays. Defendant Sefudi shared this letter with Solax, which relied on the above-referenced representations in proceeding with its construction project in Mexico.

53.    No payment under the loan was made within ten days of the August 12, 2019 letter.

54.    On or about September 9, 2019, Sefudi Group received a letter from the Ithuba Defendants stating that the funding was still on track. The letter further stated that the first payment under the loan would "surely" be within the month of September, 2019. Defendant Sefudi shared this letter with Solax, which relied on the above-referenced representations in proceeding with its construction project in Mexico.

55.    No payment under the loan was made during September, 2019.

56.    On or about September 13, 2019, Sefudi Group wrote a letter to the Ithuba Defendants, advising that it will pursue all legal means available if the loan funds were not received. Defendant Sefudi shared this letter with Solax.

57.     On or about October 11, 2019, Sefudi Group received a letter from the Ithuba Defendants stating that Ithuba cannot engage in business while litigation is threatened. The letter further stated that the funds would be released within the next ten days.

58.     The October 11, 2019 letter further stated that: **"The legal address of Ithuba Credit Corporation is as per MOU agreement in New York.**" [Emphasis added.]

59.     The October 11, 2019 letter further stated that "if the Sefudi Group are not prepared [sic] to wait for the fund payment as indicated or not accepting the feedback as above, Ithuba Credit Corporation will then pay back the initiation fees paid to Ithuba Credit Corporation." Defendant Sefudi shared this letter with Solax, which relied on the above-referenced representations in proceeding with its construction project in Mexico.

60.     No payment under the loan was made within ten days of October 11, 2019, nor was the Monetization Fee returned.

61.     On or about December 17, 2019, Solax sent a letter to Sefudi Group and Defendant Sefudi, stating that it had been over 400 days since the loan agreement was signed and that Solax has incurred monetary and reputational damage. The letter further stated that December 20, 2019 was the absolute last day for the project to continue amicably.

62.     No payment under the loan was made on or before December 20, 2019.

63.     On or about March 3, 2020, Mr. Jean Bilala, the Ithuba Defendants' CEO and Chairman, sent an email to Solax's representatives directly, stating that his office will send an email with a plan to end the matter within 72 hours.

64.     On or about March 30, 2020, Solax's representatives received a letter from Sefudi Group asking what its role should be now that there was a direct line of communication between Solax and the Ithuba Defendants.

65. On or about April 15, 2020, Solax sent a letter to the Ithuba Defendants, Defendant Bilala, Sefudi Group and Defendant Sefudi requesting return of the loan monetization fee and further funds to account for the time value of money, interest and expenses. The letter demanded a total of $1.6 Million (USD), which included $900,000 (USD) as the then-present value of the monetization fee; $400,000 (USD) to cover Solax's administrative expenses, travels expenses and escrow account set up; and $300,000 (USD) to cover Solax's engineering, procurement, and construction expenses in connection with the Mexico construction project.

66. On or about April 30, 2020, Solax received a letter from Defendant Sefudi stating that the Ithuba Defendants' chairman (i.e, Defendant Bilala) was in New York, and since New York was shut down for the coronavirus pandemic, the loan would have to wait until business resumed.

67. On or about April 30, 2020, Solax sent an email to Sefudi Group and Defendant Sefudi stating that even though New York is shut down, people are still able to work from home and that wireless banking services have not shut down.

68. On or about July 7, 2020, Solax's representatives received an email from the Ithuba Defendants stating that Defendant Bilala was making arrangements for the refund of the full amount of the monetization fee to Solax. Solax again relied on these representations as to the refund.

69. The Ithuba Defendants never refunded any portion of the monetization fee to Solax.

70. On or about August 18, 2020, counsel for Solax sent a pre-litigation demand letter to Sefudi Group, Defendant Sefudi, the Ithuba Defendants, Defendant Bilala, and Europlaw demanding return of the monetization fee and advising that litigation will ensue if the fee was not returned.

71. The Ithuba Defendants did not return any portion of the monetization fee to Solax in response to the August 18, 2020 letter.

11

72.     On or about November 23, 2020, counsel for Solax again sent a pre-litigation demand to the Ithuba Defendants and Defendant Bilala requesting the return of the monetization fee.

73.     On or about December 1, 2020, the Ithuba Defendants and Defendant Bilala responded to the November 23, 2020 pre-litigation demand letter stating that the Ithuba Defendants and Defendant Bilala did not dispute $500,000 (USD) of the monetization fee and was prepared to make a refund of that amount, with reasonable interest. A true and correct copy of the Ithuba Defendants and Defendant Bilala's response is annexed hereto as **Exhibit 3**.

74.     To date, Ithuba Defendants have not refunded any portion of the monetization fee.

### *ALTER EGO* ALLEGATIONS AGAINST ITHUBA DEFENDANTS AND DEFENDANT BILALA

75.     Upon information and belief, at all relevant times, as alleged more fully herein, each Ithuba Defendant and Defendant Bilala acted as an agent, servant, employee, co-conspirator, alter-ego and/or joint venture of the other Ithuba Defendants and Defendant Bilala, and in doing the things alleged herein acted within the course and scope of such agency, employment, alter-ego and/or in furtherance of the joint venture. Each of the Ithuba Defendants' and Defendant Bilala's acts alleged herein was done with the permission and consent of each of the other Ithuba Defendants and Defendant Bilala.

76.     At all times relevant hereto, Defendants Ithuba Credit Corporation, Ithuba Investment Bank and Statutory Trust, Ithuba Business Advisory Services, Inc., Ithuba Holdings, Inc. and ISCC Group of Companies were *alter egos* of Defendant Ithuba Savings and Credit, and there exists, and all times herein mentioned, has existed, a unity of interest and ownership between the Ithuba Defendants and Defendant Bilala such that any separateness between them has ceased to exist. The various entities within the Ithuba Defendants do not each maintain an existence that is separate and distinct from the other entities within the Ithuba Defendants.

12

77.     Upon information and belief, Defendant Bilala is the Executive Chairman of Ithuba Credit Corporation. Defendant Bilala has at all times herein mentioned controlled, dominated, managed and operated each and every one of the Ithuba Defendants to suit his convenience.

78.     Upon information and belief, Defendant Bilala regularly uses the following email addresses, indicating his connection to Ithuba Investment Bank and Statutory Trust, Ithuba Savings and Credit, and Ithuba Credit Corp.: jean@ithubainvestmentbank.com; jean@ithubasavingscredit.com; and jean@ithubacreditcorp.com .

79.     Defendant Bilala and the Ithuba Defendants have made affirmative representations to Solax's representatives regarding the Solax loan using all of the following email addresses: jean@ithubainvestmentbank.com; jean@ithubasavingscred.com; jean@ithubacreditcorp.com; and complaince@ithubabank.com.

80.     Each of the Ithuba Defendants are involved in and responsible for the non-payment of the loan as described above.

81.     The Loan Agreement states that the funding for the loan would be coming from Ithuba Savings and Credit Corp.

82.     In or about May 2019, the Ithuba Defendants communicated to Solax that it obtained a banking license in the United States. In one sentence regarding the banking license, the communication stated that both Ithuba Credit Corporation and Ithuba Investment Bank and Trust were the entities that obtained the banking license.

83.     Upon information and belief, Ithuba Credit Corporation and Ithuba Investment Bank and Statutory Trust share office space at One World Trade Center, Suite 8500, New York, NY 10007.

## SOLAX'S DAMAGES

84.     Solax has experienced monetary and reputational damages due to Defendant's non-payment of the loan.

85.     On or about November 14, 2018, Solax's representatives sent a letter to Sefudi Group and Defendant Sefudi alerting Sefudi that Solax's planned contractor for the first phase of construction will be raising its prices for 2019, and that therefore Solax has begun to experience damages due to the delay in funding.

86.     The November 14, 2018 letter further informed Sefudi Group and Defendant Sefudi that, for each month that the contractor's personnel who had been reserved to work on the construction of the solar farm did not work on the farm but needed to be retained, Solax was being charged approximately $53,000 (USD) per month to retain the personnel.

87.     Upon information and belief, this correspondence was shared with the Ithuba Defendants and Defendant Bilala, who were at all times aware of Solax's transactional obligations and the monetary and reputational damages that may be incurred and in fact were incurred.

88.     Solax S.A. has lost permits and licenses that are required to build the first phase of its solar farm due to the delay in starting the project which is due directly to the non-payment of the loan.

89.     Defendants were aware that Solax was going to use the money from the loan to initiate construction on phase I of the solar farm project and were aware of the monetary and reputational damage that Solax would incur if the funding was not procured within the represented deadlines.

90.     It was foreseeable that Solax would experience both financial and reputational harm if it was not able to begin construction on the solar farm on time.

11455019v.1

## FIRST CAUSE OF ACTION

## BREACH OF CONTRACT AGAINST ITHUBA DEFENDANTS
## AND DEFENDANT BILALA

91.     Solax repeats and realleges each and every allegation of paragraphs 1 through 90 as though full set forth herein.

92.     Upon information and belief, Sefudi Group and/or its agents and representatives, on the one hand, and one or more of the Ithuba Defendants on the other hand, entered into one or more agreements, requiring the Ithuba Defendants to fund a loan for the benefit of Solax S.A. for the amount of $100,000,000.

93.     Solax S.A. and Solax LLC are third party beneficiaries to the contract between Sefudi Group and the Ithuba Defendants.

94.     Pursuant to the contract, the Ithuba Defendants were to make the funds under the contract available to Solax S.A. between September, 2018, and December, 2018. The Ithuba Defendants never made the funds available to Solax S.A.

95.     Pursuant to the Loan Agreement, Solax S.A. was to pay a Monetization Fee to Sefudi Group of $780,000 (USD).  Solax made that payment on or about August 20, 2018.

96.     Upon information and belief, the $780,000 (USD) that Solax S.A. wired to Sefudi Group was transferred to Europlaw Group Incorporated and was then transferred to an account for Ithuba Credit Corporation pursuant to a contract obligating the Ithuba Defendants to fund the loan to Solax S.A.

97.     In breach of the contract to fund a loan for the benefit of Solax S.A., the Ithuba Defendants never made the payments to Solax S.A.

98.     While admitting to being in possession and/or control of the Monetization Fee paid by Solax S.A., the Ithuba Defendants ignored repeated demands to receive the loan tranches under the

15

Loan Agreement and its contract with Sefudi Group and/or their agents and representatives and has never made the funds available to Solax S.A.

99.   The Ithuba Defendants and Defendant Bilala ignored repeated demands since April 15, 2020 to return the loan Monetization Fee of $780,000 (USD) plus incurred damages to Solax.

100.   The Ithuba Defendants' breach of contract, to which Solax S.A. and Solax LLC are third-party beneficiaries, has damaged Solax in an amount exceeding $75,000 (USD).

### SECOND CAUSE OF ACTION

### MONEY HAD AND RECEIVED AGAINST ITHUBA DEFENDANTS AND DEFENDANT BILALA

101.   Solax repeats and realleges each and every allegation of paragraphs 1 through 100 as though fully set forth herein.

102.   On or about August 20, 2018, the Ithuba Defendants and Defendant Bilala received a sum of $780,000 (USD) from Solax S.A.  Due to the Ithuba Defendants' and Defendant Bilala's actions, Solax S.A. received no consideration for that sum of money.

103.   Upon information and belief, the Ithuba Defendants and Defendant Bilala benefitted from the use and enjoyment of that money for over two years.

104.   The Ithuba Defendants and Defendant Bilala should not, in good conscience, be permitted to retain the $780,000 (USD).

105.   As a result of the Ithuba Defendants' and Defendant Bilala's actions, Solax was damaged in an amount exceeding $75,000 (USD).

11455019v.1

**THIRD CAUSE OF ACTION**

**UNJUST ENRICHMENT AGAINST ITHUBA DEFENDANTS
AND DEFENDANT BILALA**

106.   Solax repeats and realleges each and every allegation of paragraph 1 through 105 as though fully set forth herein.

107.   The Ithuba Defendants and Defendant Bilala were enriched by the receipt of $780,000 of Plaintiffs' money on or about August 20, 2018.   Plaintiffs received no consideration for this money.

108.   It is against equity and good conscience to allow the Ithuba Defendants and Defendant Bilala to retain this money.

109.   The Ithuba Defendants' and Defendant Bilala's unjust enrichment has damaged Solax in an amount exceeding $75,000 (USD).

**FOURTH CAUSE OF ACTION**

**FRAUD AND FRAUDULENT MISREPRESENTATION
AGAINST ALL DEFENDANTS**

110.   Solax repeats and realleges each and every allegation of paragraph 1 through 109 as though fully set forth herein.

111.   The Ithuba Defendants and Defendant Bilala received $780,000 (USD) on or about August 20, 2018, representing that money as a Monetizing Fee pursuant to the Loan Agreement for a $100,000,000 (USD) loan for the benefit of Solax S.A.

112.   Defendants made numerous false statements of fact to Plaintiffs regarding the funding of the loan as set forth in detail in the BACKGROUND FACTS section of this Complaint.   On numerous occasions, Defendants falsely represented the dates certain by which the funding of the

17

loan would be complete and Solax has relied on these representations while trying to maintain the licenses and permission to proceed with the construction project in Mexico.

113.   Contrary to the Defendants' numerous representations set forth above, the loan to Solax S.A. was never funded.

114.   Plaintiffs justifiably relied on Defendants' statements regarding the funding of the loan and the timing of such funding, as Defendants represented the Ithuba Defendants and held the Ithuba Defendants out to be a bank and financial services company that is in compliance with international and United States banking regulations.

115.   Defendants' fraud and fraudulent misrepresentation has damaged Solax in an amount exceeding $75,000 (USD).

## FIFTH CAUSE OF ACTION

### PROMISSORY ESTOPPEL AGAINST ITHUBA DEFENDANTS AND DEFENDANT BILALA

116.   Solax repeats and realleges each and every allegation of paragraph 1 through 115 as though fully set forth herein.

117.   The Ithuba Defendants and Defendant Bilala promised to fund a loan to Solax S.A. for the amount of $100,000,000 (USD), as evidenced by numerous communications between the parties herein as set forth in the BACKGROUND FACTS section of this Complaint.

118.   Solax S.A. paid a monetization fee for that loan, which was received by the Ithuba Defendants, in the amount of $780,000 (USD).

119.   Plaintiffs justifiably relied on the Ithuba Defendants' and Defendant Bilala's statements regarding the funding of the loan, as the Ithuba Defendants represented themselves and held

themselves out to be a bank and financial services company that is in compliance with international and United States banking regulations.

120.    The Ithuba Defendants' and Defendant Bilala's actions have damaged Solax in an amount exceeding $75,000 (USD).

## SIXTH CAUSE OF ACTION

## CONVERSION AGAINST ITHUBA DEFENDANTS AND DEFENDANT BILALA

121.    Solax repeats and realleges each and every allegation of paragraph 1 through 120 as though fully set forth herein.

122.    The Ithuba Defendants and Defendant Bilala received a loan monetization fee of $780,000 (USD), paid by Solax S.A., on or about August 20, 2018, in consideration of a loan to be issued to Solax S.A. in the amount of $100,000,000 (USD).

123.    The Ithuba Defendants and Defendant Bilala never made any payments of the loan.

124.    The Ithuba Defendants and Defendant Bilala have ignored repeated demands by Solax for return of the $780,000 (USD) loan monetization fee.

125.    The Ithuba Defendants' and Defendant Bilala's unlawful misappropriation has damaged Solax in an amount exceeding $75,000.

## PRAYER FOR RELIEF

WHEREFORE, Solax prays that the Court enter judgment for:

1.    An award of damages;

2.    Interest and costs;

3.    Such other and further relief as the Court may deem just and proper.

19

**DEMAND FOR JURY TRIAL**

Solax demands a jury trial as provided by Federal Rule of Civil Procedure 38.

Dated:  January 26, 2021

Respectfully submitted,

By:    _s/ Jana Slavina Farmer_

Adam R. Bialek
Wilson Elser Moskowitz Edelman & Dicker LLP
150 E 42nd Street
New York, NY 10017
212.915.5143 (Direct)
212.490.3038 (Fax)
adam.bialek@wilsonelser.com

Jana S. Farmer
Wilson Elser Moskowitz Edelman & Dicker LLP
1133 Westchester Ave.
White Plains, NY 10604
914.872.7247 (Direct)
914.323.7001 (Fax)
Jana.Farmer@wilsonelser.com

Sarah Fink
Wilson Elser Moskowitz Edelman & Dicker LLP
666 Old Country Road, Suite 602
Garden City, NY 11530
516.228.8907 (Direct)
516.228.0200 (Fax)
sarah.fink@wilsonelser.com

***Attorneys for Plaintiff Solax Energia Altiplano
S.A. DE C.V. and Solax Energy LLC***

Civil Case No.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

———————————————————————X

SOLAX ENERGIA ALTIPLANO S.A. DE. C.V. AND
SOLAX ENERGY,

          Plaintiffs,

    -against-

ITHUBA CREDIT CORPORATION; ITHUBA
SAVINGS AND CREDIT; ITHUBA INVESTMENT
BANK AND  STATUTORY TRUST; ITHUBA
BUSINESS ADVISORY SERVICES, INC.; ITHUBA
HOLDINGS, INC.; ISCC GROUP OF COMPANIES,
JEAN BILALA AND SEFUDI PAUL MALEKA,

          Defendants.

———————————————————————X

## COMPLAINT AND JURY DEMAND

**_WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP_**
**_Attorneys for Defendants_**
**SOLAX ENERGIA ALTIPLANO S.A. DE. C.V. AND SOLAX ENERGY**
**_150 East 42nd Street_**
**_New York, New York  10017_**
**_(212) 490-3000_**