

July 2, 2025

**Jana Slavina Farmer**
914.872.7247 (Direct)
914.552.9644 (Mobile)
jana.farmer@wilsonelser.com

**Via ECF**

Magistrate Judge Honorable Valerie Figueredo
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

        **Re:**        **Solax Energia Altiplano S.A. DE. C.V. et al v. Ithuba Credit Corporation et al (1:21-cv-00863-GBD-VF)**

        **File No:**       **23191.00001**

Dear Judge Figueredo:

        This firm represents Plaintiffs in the above-captioned action. On June 20, 2025, pursuant to Your Honor's Scheduling Order (ECF 97) and Extension of Time to File *Proposed findings of fact and conclusions of law* (ECF 101) by June 20, 2025, Plaintiffs filed:

- Motion to Seal (ECF 102)
- Memorandum of Law in Support of Motion to Seal (ECF 103)
- Trial Memorandum (ECF 105)
- Proposed Findings of Fact and Conclusions of Law (ECF 106)
- Declaration of Jana Slavina Farmer and Exhibits under Seal (ECF 107)
- Declaration of Jana Slavina Farmer and Public Exhibits – Partially Redacted (ECF 108)
- Declaration of Javier Sanchez Palau and Exhibits under Seal (ECF 109)
- Declaration of Javier Sanchez Palau and Public Exhibits – Entirely Withheld (ECF 110)
- Declaration of Francisco Jose Minondo Amezcua and Exhibits under Seal (ECF 111)
- Declaration of Francisco Jose Minondo Amezcua and Public Exhibits – #1 Public; #2 Entirely Withheld (ECF 112)

        On June 23, 2025, Your Honor entered a Memo Endorsement granting 102 Letter Motion to Seal, and directed Plaintiffs to file proposed redactions to the sealed exhibits by July 15, 2025.

        Plaintiffs have filed certain exhibits with slipsheets to withhold such exhibits entirely. Plaintiffs seek to withhold the public exhibits filed with slipsheets entirely, as such exhibits contain highly confidential, sensitive financial information regarding government contracts and permits,

and fees of nonparties, as well as proprietary business information that is the proper subject of a sealing request.

Courts may seal records under their "inherent equitable powers... over their own process, to prevent abuses, oppression, and injustices." *Int 'l Prods. Corp. v. Koons*, 325 F.2d 403, 407-08 (2d Cir. 1963) (quotation marks omitted). While there is a "common law presumption of access" to judicial documents, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006), the "weight of the presumption is a function of (1) 'the role of the material at issue in the exercise of Article III judicial power' and (2) 'the resultant value of such information to those monitoring the federal courts,' balanced against 'competing considerations' such as 'the privacy interests of those resisting disclosure.'" *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016) (quoting *Lugosch*, 828 F .2d at 119-20). Records may be sealed on a finding that doing so is "essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120 (quoting *In re NY. Times Co.*, 828 F.2d. 110, 116 (2d Cir. 1987).

The exhibits that Plaintiffs seek to file under seal concern non-public, proprietary and commercially sensitive information regarding Plaintiffs' business operations, business partners, and financial projections. This Circuit has long recognized that a party's interest in protecting confidential business information outweighs the presumption of access. *See Standard Inv. Chartered, Inc. v. Fin. Indus. Reg. Auth., Ind.*, 347 Fed. App'x 615, 617 (2d Cir. 2009) (protecting confidential business information). Publicly filing the materials at issue would place Plaintiffs at a disadvantage by disclosing their financial materials, which Plaintiffs have spent significant time and effort to develop. It would also reveal confidential and proprietary information about Plaintiffs' business operations. Courts in this Circuit routinely find that the risk of revealing confidential business information that will place a party at a competitive disadvantage is a sufficient basis to overcome the presumption of access. *See, e.g., JMG Improvements, Inc v. Arch Specialty Ins. Co.*, 2021 WL 3173022, at *3 (S.D.N.Y. July 26, 2021) (insurance company's interest in "protecting itself from a competitor's obtaining unfettered access to its processes regarding claim handling" outweighed presumption of access); *Skyline Steel, LLC v. PilePro, LLC*, 101 F. Supp. 3d 394, 412-13 (S.D.N.Y. 2015) (granting request to seal documents that would reveal confidential sales and pricing information, and details of the plaintiff's negotiations with clients); *Hesse v. SunGard Systems Int'l*, 2013 WL 174403, at *2-3 (S.D.N.Y. Jan. 14, 2013) (granting request to seal produced emails reflecting "sensitive client information and proprietary business information, including inter alia, the company's billing rates and project pricing, as well as details of specific projects completed for several clients").

Finally, Plaintiffs' request is narrowly tailored and will not impede the public's access to information relevant to this action, as the publicly filed documents contain totals of expenses Plaintiffs incurred. Plaintiffs are not seeking to redact any of these references to expenses in the public Trial Memorandum (ECF 105) or Proposed Findings of Fact and Conclusions of Law (ECF 106). Because there is little to no public interest in the disclosure of such financial information and proprietary business information, *see Alto v. Sun Pharm. Indus., Inc.*, 2021 WL 4480952, at* 1 (S.D.N.Y. Sept. 30, 2021) (granting sealing motion where public interest in pages of lab notebooks that described "experiments and data on projects other than the products at issue in this case" was "low"), Defendants' request that the documents filed publicly with slipsheets remain entirely withheld.

315696488v.1

We appreciate the Court's consideration and are available to address this request further if necessary.

Very truly yours,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

/Jana Slavina Farmer/

Cc: All counsel (via ECF)

> **MEMO ENDORSED**
>
> _[signature]_
> HON. VALERIE FIGUEREDO
> UNITED STATES MAGISTRATE JUDGE
>
> **Dated:** 7/7/25
>
> The motion to seal is GRANTED. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 114 and maintain the viewing restrictions on the documents at ECF Nos. 107, 109, and 111.

315696488v.1