**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------x

SOLAX ENERGIA ALTIPLANO S.A. DE. C.V. and
SOLAX ENERGY LLC,

                              Plaintiffs,

                 -against-

ITHUBA CREDIT CORPORATION, ITHUBA
SAVINGS AND CREDIT, ITHUBA INVESTMENT
BANK AND STATUTORY TRUST, ITHUBA
BUSINESS ADVISORY SERVICES INC., ITHUBA
HOLDINGS INC., ISCC GROUP OF COMPANIES,
JEAN BILALA, and PAUL MALEKA SEFUDI

                              Defendants.

MEMORANDUM DECISION
AND ORDER

21 Civ. 863 (GBD) (VF)

------------------------------------------x

GEORGE B. DANIELS, United States District Judge:

      Plaintiffs Solax Energia Altiplano S.A. DE. C.V. and Solax Energy LLC (collectively, "Plaintiffs") bring this diversity action against Defendants Ithuba Credit Corporation, Ithuba Savings and Credit, Ithuba Investment Bank and Statutory Trust, Ithuba Business Advisory Services Inc., Ithuba Holdings Inc., ISCC Group of Companies (collectively, the "Ithuba Defendants"), and Jean Bilala (together with the Ithuba Defendants, the "Defaulting Defendants"). On November 4, 2022, the Clerk of this Court entered the Clerk's Certificate of Default against the Defaulting Defendants because they failed to plead or otherwise move with respect to the complaint after their motion to dismiss was denied on November 17, 2021. (*See* Order, ECF No. 66; Clerk's Certificate of Default, ECF No. 85.) On May 25, 2023, this case was referred to Magistrate Judge Valerie Figueredo for an inquest on damages to be awarded to Plaintiffs. (Order Referring Magistrate Judge, ECF No. 93.)

      Before this Court is Magistrate Judge Figueredo's August 25, 2025, Report and Recommendation ("Report") recommending that (1) the default judgment be vacated, (2) the

complaint be dismissed without prejudice for failure to adequately plead subject-matter jurisdiction, and (3) Plaintiffs be granted leave to file an amended complaint. (*See* R. & R., ECF No. 116, at 7.) Plaintiffs failed to object to the Report by the September 8, 2025, deadline. On September 9, 2025, one day after the original deadline lapsed, Plaintiffs filed a letter motion requesting that this Court extend their time to file an objection until September 25, 2025. (Letter Mot. Extension of Time, ECF No. 119.) Plaintiffs have not filed any objections to the Report since making this request.

This Court incorporates by reference the summary of the facts provided in the Report. This Court ADOPTS the Report's recommendations in their entirety. This case is dismissed without prejudice, and Plaintiffs are granted leave to file an amended complaint.

## I.   PLAINTIFFS' COMPLAINT IS DISMISSED WITHOUT PREJUDICE

A reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations" made within a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* Portions of a magistrate judge's report to which no or "merely perfunctory" objections have been made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006). Clear error is present when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *Brown v. Cunningham*, No. 14-CV-3515 (VEC) (MHD), 2015 WL 3536615, at *4 (S.D.N.Y. June 4, 2015) (citations omitted).

As no party has submitted objections to the Report, this Court reviews Magistrate Judge Figueredo's recommendations for clear error. A careful review of the Report and applicable legal authorities reveals no clear error in its analysis or conclusions. "A complaint premised upon diversity of citizenship must allege the citizenship of natural persons who are members of a limited

2

liability company." *Avant Cap. Partners, LLC v. W108 Dev. LLC*, 387 F.Supp.3d 320, 322 (S.D.N.Y. 2016) (quoting *New Millennium Cap. Partners, III, LLC v. Juniper Grp. Inc.*, No. 10 Civ. 46 (PKC), 2010 WL 1257325, at *1 (S.D.N.Y. Mar. 26, 2010)). The complaint fails to adequately allege the citizenship of Solax Energy LLC. Magistrate Judge Figueredo, therefore, correctly concluded that this omission left the Court with no basis to determine that diversity jurisdiction existed. (*See* R. & R., at 6.) Accordingly, the Report's recommendations that (1) the default judgment be vacated, (2) the complaint be dismissed without prejudice, and (3) Plaintiffs be granted leave to file an amended complaint were not in clear error.

## II.   CONCLUSION

Magistrate Judge Figueredo's Report is ADOPTED in full. The Clerk of Court is directed to close this case accordingly.

Dated: October 6, 2025
New York, New York

SO ORDERED.

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge

3